```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**JEFFREY RAY WOODS,**

      Plaintiff,

v.                                          Civil Action No. 2:19-cv-00130

**DAVID BALLARD,** Warden, Mount
Olive Correctional Complex (MOCC);
**MR. ROSE,** Unit Manager, MOCC;
**MR. MEADOWS,** Investigator, MOCC;
and **MR. DIXON,** Investigator, MOCC.

      Defendants.

## ORDER

Pending is the joint motion by all parties to extend the time allotted to file an amended complaint and seal the amended complaint, filed August 28, 2020. ECF No. 33.

On August 7, 2020, the court ordered the plaintiff to file an amended complaint on or before August 17, 2020. ECF No. 31. In support of the request for an extension, the pending motion indicates that counsel for the plaintiff, Paul M. Stroebel, was unable to speak with his client, who is incarcerated, about the amended complaint prior to the week of August 24, 2020. ECF No. 33.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that the court may, for good cause, extend the time for filing a document "on motion made after the time has expired if the party failed to act because of excusable neglect." "[A] party typically satisfies the standard for demonstrating excusable neglect by demonstrating that the delay is the result of circumstances beyond the party's control . . . ." In re American Nurses Ass'n, 643 F. App'x 310, 313 (4th Cir. 2016) (citing Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993)).

> Factors for a court to consider when evaluating whether a party has demonstrated excusable neglect for a delay include (1) "the danger of prejudice to the [other party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith."

Id. (quoting Pioneer Inv. Serv. Co., 507 U.S. at 395).

The pending motion was filed after the plaintiff's August 17, 2020 deadline to file an amended complaint, and Rule 6(b)(1)(B) therefore governs. Inasmuch as the motion is a joint motion and it indicates that Stroebel was unable to meet with the plaintiff until the week of August 24, 2020, the court finds good cause and excusable neglect. Thus, a brief extension is in order.

Accordingly, it is ORDERED that the joint motion's request for an extension (ECF No. 33) be, and hereby is, GRANTED. The plaintiff is directed to file an amended complaint on or before September 7, 2020.

With regard to the parties' request that the amended complaint be filed under seal, Local Rule of Procedure 26.4(c)(2) provides that:

> Unless otherwise authorized by law, a motion to seal shall be filed electronically pursuant to the Administrative Procedures for Electronic Case Filing and accompanied by a memorandum of law which contains:
>
> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;
>
> (B) the requested duration of the proposed seal; and
>
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

Additionally, the district's Administrative Procedures for Electronic Case Filing state that:

> If a party wishes to file a sealed motion or a sealed document, the filing user must file a motion to seal under the Restricted Access or Sealed Documents event category in CM/ECF, describe the motion or the document to be sealed and add the sealed document as an attachment to the motion.

Administrative Procedures for Electronic Case Filing 12.6.1.

In support of the motion's request that the amended complaint be filed under seal, the parties state that "[t]he amended complaint contains sensitive information that could place the plaintiff in further danger." ECF No. 33. This statement alone does not comply with the requirements of Local Rule 26.4(c)(2)(A)-(C). Further, the parties have not tendered a sealed copy of the amended complaint for the court's review as required by the Administrative Procedures for Electronic Case Filing.

Accordingly, insofar as the pending motion requests that the forthcoming amended complaint be filed under seal, it is ORDERED that the parties' joint motion (ECF No. 33) be, and hereby is, DENIED, without prejudice. Should the plaintiff seek to seal the forthcoming amended complaint, he is directed to file a motion to seal that complies with this court's Local Rules of Procedure and Administrative Procedures for Electronic Case Filing.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: August 31, 2020

John T. Copenhaver, Jr.
Senior United States District Judge